IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HOWARD HOLLAND                          §
(TDCJ No. 1914814),                     §
                                        §
            Petitioner,                 §
                                        §
V.                                      §        No. 3:15-cv-2344-G-BN
                                        §
LORIE DAVIS, Director                   §
Texas Department of Criminal Justice,   §
Correctional Institutions Division,     §
                                        §
            Respondent.                 §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Howard Holland, a Texas inmate, proceeding *pro se*, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he was denied constitutionally effective counsel and that the state indictment was ineffective. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the habeas application with prejudice as time-barred and because Holland's claims are procedurally barred.

## Applicable Background

On January 3, 2014, after entering a plea of guilty and being convicted of aggravated sexual assault, Holland was sentenced to 40 years of imprisonment. *See*

*State v. Holland*, No. 31610-422 (422d Jud. Dist. Ct., Kaufman Cty., Tex.); Dkt. No. 13-1 at 3. He did not file a direct appeal but did file two state habeas applications prior to initiating this action.

His first state habeas petition was filed on July 24, 2014, *see* Dkt. No. 13-1 at 8, and the Texas Court of Criminal Appeals (the "CCA") denied it without a written order on October 1, 2014, *see Ex parte Holland*, WR-82,129-01 (Tex. Crim. App. Oct. 1, 2014); Dkt. No. 13-1 at 10. His second state habeas petition was filed on April 16, 2015, *see* Dkt. No. 13-1 at 12, and it was dismissed as an abuse of the writ on July 1, 2015, *see Ex parte Holland*, WR-82,129-02 (Tex. Crim. App. July 1, 2015) (citing TEX. CODE CRIM. PROC. art. 11.07, § 4); Dkt. No. 13-1 at 14.

## Legal Standards and Analysis

<u>Holland's petition is time-barred.</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable

tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

Because he did not file a direct appeal, Holland's conviction and sentence, imposed on February 3, 2014, became final for federal habeas limitations purposes 30 days later. *See* TEX. R. APP. P. 26.2(a)(1). Because the time that Holland's first state habeas application was pending, from its filing on July 24, 2014, *see* Dkt. No. 13-1 at 8, to the date the CCA denied the application, on October 1, 2014, *see id.* at 10 – some

70 days – is excluded from the 365-day limitations period, *see* 28 U.S.C. § 2244(d)(2), the deadline for Holland to file this action was extended to April 14, 2015.

The pendency of Holland's second state habeas action, not filed until April 16, 2015, *see* Dkt. No. 13-1 at 12 – after the AEDPA's limitations period lapsed – did not further toll the limitations period. *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000))); *cf. Mathis v. Thaler*, 616 F.3d 461, 471 (5th Cir. 2010) ("a successive state habeas application [is] 'properly filed' under § 2244(d)(2), even [if it is later] dismissed as an abuse of the writ under Texas law" (discussing *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 1999))).

Accordingly, Holland's federal habeas application was due to be filed no later than April 14, 2015. *See* 28 U.S.C. § 2244(d)(1)(A). This federal habeas application, which Holland certifies was placed in the prison mailing system on July 13, 2015, *see* Dkt. No. 3 at 10, is therefore untimely by almost three months unless equitable tolling applies. But Holland has failed to demonstrate that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 2016 WL 672565, at *4.

<u>Holland's claims are procedurally barred.</u>

In addition to this petition's being barred by the applicable statute of limitations, the claims that Holland presents now were not raised in his first state habeas petition, *see* Dkt. No. 9-3 at 22-39, and were only presented to the state courts through Holland's second state habeas petition, *see* Dkt. No. 9-5 at 64-83, which petition the CCA denied as an abuse of the writ, *see* Dkt. No. 13-1 at 14. Therefore, this Court is barred from reviewing Holland's current claims.

A federal court may not consider the merits of a habeas claim where a state court has denied relief due to a procedural default, *see Sawyer*, 505 U.S. at 338, if the state court opinion contains a "plain statement" that its decision rests on adequate and independent state grounds, *see Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *see also Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006) ("A federal habeas court 'will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground.'" (quoting *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004))). But, to be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982); *see also Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999).

> The Texas abuse-of-the-writ doctrine precludes Texas courts from granting habeas petitions where the petitioner has failed, without cause, to address the same issue on direct appeal or in a previous petition. Set forth in *Ex parte Dora*, 548 S.W.2d 392, 393-94 (Tex. Crim. App. 1977), the doctrine allows the court, after finding that petitioner has abused the writ, to refuse to accept or file the habeas petition absent a showing of cause that the contention could not have been raised in the prior proceeding. The doctrine bars review of issues that were not raised on direct appeal and of issues that were not raised in prior state habeas

-6-

petitions.

*Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

> While, in *Lowe*, the Fifth Circuit
>
> failed to apply the Texas state abuse of the writ doctrine as an adequate and independent state ground because the Texas courts did not regularly and strictly apply abuse of the writ rules[, *see* 48 F.3d at 876,] in *Ex parte Barber*, 879 S.W.2d 889 (Tex. Crim. App. 1994), the [CCA] announced that it would as a rule dismiss as an abuse of the writ a successive state application for writ of habeas corpus which raised issues that existed at the time a prisoner filed his initial state application. The Fifth Circuit subsequently concluded Texas courts were regularly and strictly applying the abuse of the writ doctrine and that the doctrine could therefore be relied upon as an adequate and independent state ground forming the basis for application of the procedural default doctrine. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997); *Fearance v. Scott,* 56 F.3d 633, 642 (5th Cir. 1995).

*Hawthorne v. Director, TDCJ-CID*, No. 9:12cv116, 2015 WL 5604684, at *2 (E.D. Tex. Sept. 23, 2015).

An exception to this bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. But, because Holland has failed to establish cause and actual prejudice for this default or that failure to consider this claim now will result in a fundamental miscarriage of justice, the claims are procedurally barred.

Neither does Holland assert that the ineffective-assistance-of-counsel claim meets the very limited exception to procedural bar created in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) – found applicable to Texas cases in *Trevino v. Thaler*, 133 S. Ct. 1911

(2013) – by demonstrating that the underlying IAC claim is "substantial.... [T]hat is, that it has 'some merit.'" *Crutsinger v. Stephens*, 576 F. App'x 422, 430 (5th Cir. 2014) (per curiam) (quoting *Martinez*, 132 S. Ct. at 1318); *see id.* (noting that, "if a petitioner's [IAC] claim is not substantial enough to earn a [certificate of appealability], it is also not substantial enough to form the basis for excusing the procedural default" (citing *Martinez*, 132 S. Ct. at 1318-19 (in turn citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)))); *see also Speer v. Stephens*, 781 F.3d 784, 785 & n.4 (5th Cir. 2015) (noting the "limited nature" and "narrowness" of the exception).

## Recommendation

The Court should deny the application for a writ of habeas corpus with prejudice because it is time barred and because the claims presented therein are procedurally barred. And the Court should deny as moot Holland's Motion for the Magistrate Judge to Make a Recommendation [Dkt. No. 27].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 13, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE